Affirmed and Memorandum Opinion filed April 12, 2007








Affirmed and Memorandum Opinion filed April 12, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00559-CR

____________

 

ROBERT LAVAN BENFORD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1056166

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Robert Lavan Benford, was convicted of capital
murder and sentenced to life in prison.  On appeal, appellant contends the
trial court erred in excluding the jail records of appellant and his
co-defendant.  We affirm.

Factual Background








On February 14, 2005, Mario Sanchez and Porfirio Ramirez
were walking home from a convenience store.  A man riding a bicycle approached
Sanchez, got off of the bicycle and asked for change for a five dollar bill. 
At the same time, Sanchez saw another man walk up behind Ramirez and point
something at Ramirez= head.  Ramirez raised his hands and
Sanchez heard a gun shot.  When he heard the shot, Sanchez ran away.  He heard
another five shots as he ran away.  Sanchez positively identified Damien
Dillard as the man on the bicycle but was unable to identify the shooter. 
Ramirez died as a result of the gun shot wounds.

Approximately one week after the shooting, appellant was
identified as the shooter, and Dillard was identified as his accomplice. 
Dillard agreed to testify against appellant and stated that he and appellant
intended to rob Ramirez and that Dillard=s role in the
robbery was to distract Sanchez while appellant robbed Ramirez.  

At trial, appellant attempted to discredit Sanchez= identification of
Dillard as the man on the bicycle by introducing evidence that Dillard was the
larger of the two men and that Sanchez had identified the man on the bicycle as
being thinner than the shooter.  Dillard testified that at the time of the
offense, he weighed between 205 and 210 pounds.  Appellant weighed
approximately 170 pounds at the time of the offense.  Ismael Flores, a Houston
Police Officer, took a written statement from Sanchez in which he described the
man on the bicycle as being five feet five inches tall and weighing 120
pounds.  Flores admitted on cross-examination that because in the Hispanic
community, the kilogram is the unit of measure for weight, it is possible
Sanchez meant that the man weighed 120 kilograms.  Flores testified that a
person who weighed 120 kilograms would weigh approximately 240 pounds.  Sanchez
denied signing a written statement.

In an attempt to introduce Dillard=s and appellant=s jail records,
which contained their height and weight, appellant called Felicia Hood to
testify.  Hood testified that she was the custodian of the jail records, and
that they were made in the normal course of business and were made by
individuals with personal knowledge of the facts contained in the records.  She
also testified the records were made at or near the time of the events and were
kept in the regular course of business of the Harris County Sheriff=s Department.  The
jail records reflected that appellant weighed less than Dillard.








The State objected to the admission of the jail records
because information appellant sought to introduce from the records contained
hearsay.  On voir dire, Hood testified that the person being booked provides
information as to his or her height and weight.  There is no scale or measuring
device to verify the accuracy of the information.  The trial court sustained
the State=s hearsay objection as to the portions of the records
that contained identifying information provided by Dillard and appellant.

Exclusion of Jail Records

In a single point of error, appellant contends the trial
court erred in excluding the jail records.  Whether an out‑of‑court
statement is admissible under an exception to the general hearsay exclusion
rule is a matter within the trial court=s discretion.  Zuliani
v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).  Our role is limited
to determining whether the record supports the trial court=s ruling.  See
Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994).

Appellant contends the records were admissible under the
business records exception to the hearsay rule.  See Tex. R. Evid. 803(6).  Rule of Evidence
803(6) provides that Arecords of regularly conducted activity@ may be admitted
as an exception to the hearsay rule if the record (1) was made at or near the
time by or from information transmitted by a person with knowledge, (2) was
kept in the course of a regularly conducted business activity, and (3) was made
as part of a regular practice of that business activity unless the source of
the information or the method or circumstances of preparation indicate lack of
trustworthiness. 








Appellant laid the proper foundation for admission of the
jail records and the records themselves were admissible, but not all
information contained in those records is necessarily admissible.  The theory
underlying the business records exception is that there is a certain
probability of trustworthiness of records regularly kept by an organization
while engaged in its activities and upon which it relies in the ordinary course
of its activities.  Crane v. State, 786 S.W.2d 338, 353 (Tex. Crim. App.
1990).  When a business receives information from a person who is outside the
business and who has no business duty to report or to report accurately, those
statements are not covered by the business records exception.  Garcia v.
State 126 S.W.3d 921, 926 (Tex. Crim. App. 2004).  Those statements must
independently qualify for admission under their own hearsay exception.  Id.
at 926B27. 

The identifiers on the jail records such as height and
weight were provided by the accused at the time of booking; therefore, the
identifiers are not covered by the business records exception.  Such a
statement is not admissible unless it falls within another exception to the
hearsay rule.  See id.  In this case, appellant offered the jail records
for the truth of the matter asserted, i.e., that Dillard weighed 235 pounds
when he was booked into the Harris County Jail.  Appellant did not assert any
hearsay exception other than the business records exception.  Dillard=s and appellant=s estimations of
their heights and weight found in the jail records are hearsay within hearsay
and, as such, are inadmissible.  See Cheek v. State, 119 S.W.3d 475, 478B79 (Tex. App.CEl Paso 2003, no
pet.).  Therefore, the record supports the trial court=s ruling excluding
the jail records.  Appellant=s sole point of error is overruled.

The judgment of the trial court is affirmed.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed April 12, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).